**Matthew S. CARPENTER and Karen L. Carpenter, as Natural Guardians and Next Friends for their minor child: Sean Matthew Carpenter, Petitioner Below, Appellants,**

v.

**Teresa E. PARSONS, Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted: July 17, 1990.

Decided: Sept. 18, 1990.

Matthew S. Carpenter and Karen L. Carpenter, pro se.

Edward C. Gill, of Wolhar & Gill, Georgetown, Delaware, for appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal by the petitioner-appellants, Matthew S. Carpenter and Karen L. Carpenter, his wife, as the guardians *ad litem* for their minor child, Sean Matthew Carpenter ("Sean").[1] The Family Court held that Matthew and Karen Carpenter

1. Pursuant to Supreme Court Rule 7(c), the names of the parties in the caption are pseudo-nyms selected by this Court.

had no standing to proceed upon behalf of their minor son. We have concluded that the Family Court's decision was in error.

This matter began in the Family Court as a paternity proceeding, initiated by Matthew and Karen Carpenter, on behalf of their son, Sean, who was a minor at the time. The Carpenters filed a paternity petition alleging that Sean was the father of a minor child, born out of wedlock, to the respondent-appellee, Teresa E. Parsons ("Teresa"). After the paternity petition was filed, as a preliminary matter, blood grouping tests were performed on Sean, Teresa, and the child.

The blood grouping tests demonstrated a 99.99% probability that Sean was the child's natural father. Following the receipt of the results of the blood grouping tests, Sean's paternity was admitted by stipulation. A Master of the Family Court then recommended that the child's birth certificate be amended to reflect Sean as the natural father. *See* 13 *Del.C.* §§ 812(b) and 817.

Delaware law provides that a party to a paternity proceeding may file a motion requesting that the name of the child be changed. 13 *Del.C.* § 819.[2] Matthew and Karen Carpenter filed such a motion on behalf of Sean. The Family Court Master recommended that the motion be denied and that the name of the child *not* be changed.

A petition for a review *de novo* by a Judge was filed on behalf of Sean (the minor father) by his parents, as guardians *ad litem.* 10 *Del.C.* § 913(c). Since Sean's paternity had been established by stipulation, the only issue to be reviewed *de novo* was the Master's recommendation that the name of the child not be changed. A Judge of the Family Court dismissed the *de novo*

proceeding, on the grounds that Sean's parents did not have standing to act on his behalf.

According to the Delaware statute, any interested party may bring an action for the purpose of determining the existence or non-existence of the father and child relationship. An interested party is defined by statute to include the guardian of a putative father, if the putative father is a minor. 13 *Del.C.* § 805 provides:

> Any interested party, including the child or his guardian; the mother or her representative, if deceased; an appropriate public agency; or *a man* alleged or *alleging himself to be the father, or his guardian if a minor* or his representative, if deceased; *may bring an action at any time for the purpose of determining the existence or nonexistence of the father-and-child relationship* with respect to any child. (emphasis added).

The original petition for paternity in this matter recites that the minor putative father "is joined in this action by his natural parents, as plaintiffs." The request for a *de novo* hearing reflects that it was filed by Sean's parents, as his guardians *ad litem.*

We conclude that Matthew and Karen Carpenter had the statutory authority to initiate the paternity proceeding on behalf of their minor son. 13 *Del.C.* § 805. *See also* Fam.Ct.R. 17(a). That authority included the right to file a motion to change the child's name. 13 *Del.C.* § 819. It also included the right to request *de novo* review, by a Judge of the Family Court, when a Master recommended that the motion be denied.

The decision of the Family Court is REVERSED. This matter is remanded to the

---

**2.** 13 *Del.C.* § 819 provides:

> If a party to an action filed under this chapter [Delaware Paternity Act] requests the name of the child be changed by order of the Court, the party shall file a motion with the Court which shall set forth the following:
>
> (1) The position of the other parties to the action;
>
> (2) The reason the request is being made; and

> (3) If a child is over the age of 14, the position of the child on having his/her name changed.
>
> The Court shall grant the motion if it is deemed to be in the child's best interest and is consistent with the Court's determination of the existence or nonexistence of parentage.

Family Court for a *de novo* hearing, on the merits, before a different Judge.